## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELENE TONIQUE LAURENT MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-0103 (UNA) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This matter is before the Court on review of this *pro se* plaintiff's application to proceed *in forma pauperis* and her civil complaint.

The Court has reviewed the plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff alleges that the United States Attorney's Office for the Northern District of Illinois violated her civil rights, including her "right to use [her] local state courts for civil action of litigation . . . and [her] right to use the Federal District Court of Illinois Northern District Eastern Division's District Court." Compl. at 1. She wants to "press charges" against the office for alleged violations of the Racketeer Influenced and Corrupt Organizations Act, "Federal tampering," and "tort." *Id.* Missing from the complaint are allegations establishing the grounds for this Court's jurisdiction, a statement of the claim showing that the plaintiff is entitled to relief, and a demand for any particular relief. Furthermore, plaintiff may not initiate criminal proceedings by filing a complaint with this Court, which has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint and this civil action without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

DATE: January 25, 2023

/s/
CHRISTOPHER R. COOPER
United States District Judge